**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **STACY SCHAPKER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WADDELL & REED FINANCIAL, INC,** et al.<br><br>**Defendants.** | **Case No. 17-CV-2365-JAR-JPO** |

**FINAL APPROVAL ORDER AND JUDGMENT**

This litigation arose out of claims involving alleged breaches of fiduciary duties and prohibited transactions under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, against Waddell & Reed Financial, Inc., the Compensation Committee of the Board of Directors of Waddell & Reed Financial, Inc., the Administrative Committee of the Waddell & Reed Financial, Inc. 401(k) and Thrift Plan, Alan W. Kosloff, Michael F. Morrissey, James M. Raines, Jerry W. Walton, Daniel P. Connealy, Sara L. Kircher, Mark S. Newman, Michael D. Strohm, John E. Sundeen Jr., Brent K. Bloss, Melissa A. Clouse, Christopher W. Rackers and Amy J. Scupham (collectively, "Defendants").

Presented to the Court for final approval is a settlement of this Action. The terms of the settlement are set out in a Class Action Settlement Agreement dated November 19, 2018 (the "Settlement Agreement"). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

Upon consideration of Plaintiff's motion for final approval of the Settlement Agreement in the above matter, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. **Class Certification:** The Court confirms that the Class certified for settlement purposes only[1] under Fed. R. Civ. P. 23(b)(1) is appropriate, and the Court certifies the following non-opt-out Class:

> All participants in the Waddell & Reed Financial, Inc. 401(k) and Thrift Plan (the "Plan") at any time during the Class Period (from June 23, 2011 through November 28, 2018 (the date of the Preliminary Approval Order), including any Beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period and any Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order ("QDRO") who was a participant in the Plan at any time during the Class Period. Excluded from this Class are Defendants, Waddell & Reed Financial, Inc.'s directors, and any Waddell & Reed Financial, Inc. (including its subsidiary and affiliated entities) current or former employees with fiduciary responsibility for the Plan's investment or administrative functions during the Class Period, as well as the Beneficiaries and immediate family members (spouses, children, parents and siblings) of such persons.

3. **Class Representative:** The Court confirms the appointment of Plaintiff Stacy Schapker as the Class Representative for the Class.

4. **Class Counsel:** The Court confirms the appointment of Foulston Siefkin LLP as Class Counsel for the Class. Under Fed. R. Civ. P. 23(g), the Court has considered: (a) the work Class Counsel has done in identifying or investigating potential claims in this Action; (b) Class Counsel's experience in handling class actions and other complex litigation; (c) Class Counsel's knowledge of the applicable law; and (d) the resources Class Counsel has committed to

---

[1] The Court's certification of a Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the settlement) this Action is appropriate for class treatment under Federal Rule of Civil Procedure 23, or any similar federal or state class action statute or rule, for litigation purposes.

representing Plaintiff and the Class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Class with respect to the Settlement Agreement.

     5.     **Findings Regarding Notice of Settlement:** The Court finds as follows:

          a.     In accordance with the Court's Preliminary Approval Order, and as reflected in the information from the Settlement Administrator, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. Of those, 142 (3.1%) were returned as undeliverable. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), a separate notice of the Settlement ("CAFA Notice") was provided by Defendants to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

          b.     The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution.

          c.     All requirements of CAFA have been met, and Defendants have fulfilled their obligations under CAFA.

      6.      **Approval of Settlement:** Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement Agreement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

      a.      The Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

      b.      The Settlement Agreement was negotiated only after the Settling Parties engaged in pre-settlement discovery and Class Counsel received pertinent information and documents from Defendants;

      c.      The Settling Parties were well positioned to evaluate the value of the Class Action;

      d.      If the Settlement Agreement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation;

      e.      The amount of the Settlement Agreement, $4,875,000, is fair, reasonable, and adequate;

      f.      The Plan of Allocation is fair, reasonable and adequate;

      g.      At all times, the Class Representative has acted independently;

      h.      The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

      i.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement,

including to the proposed Plan of Allocation, any requested Attorneys' Fees and Costs, or the Class Representative's Compensation, to the Court;

        j.      There were no objections to the Settlement Agreement.

        k.      The Settlement Agreement was reviewed by an Independent Fiduciary, Newport Trust Company, who has approved the Settlement Agreement on behalf of the Plan.

7.    **Final Approval Granted:** The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.    **Dismissal of the Action:** The operative Complaint and all claims asserted therein, whether asserted by the Class Representative on her own behalf or on behalf of the Class Members, or on behalf of the Plan, are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement and in this Final Approval Order.

9.    **Final Injunction:** The Court rules as follows:

        a.      Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be: (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be

true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

b.  The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be: (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims.

10.  **Release of Claims:** The Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or

6

territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

11. **Release of Claims Related to the Settlement:** Each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

12. **Class Counsel Attorneys' Fees and Costs and Class Representative Compensation:** The Court awards Class Counsel Attorneys' Fees in the amount of $1,625,000.00, costs in the amount of $22,467.08, and Administrative Expenses in the amount of $39,691.77, to be paid from the Gross Settlement Amount. The Court awards the Class Representative $20,000 as Class Representative Compensation, to be paid from the Gross Settlement Amount.

13. **Jurisdiction:** The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Defendants, the Plan and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, shall be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14. **Settlement Administrator Authority/Plan of Allocation:** The Court rules as follows:

      **a.**     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and Authorized Former Participant pursuant to the Plan of Allocation specified in Exhibit 3 to the Settlement Agreement, which the Court finds to be fair and reasonable.

      b.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

      c.     Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

15.     **Final and Binding:** Upon the Effective Date of this Final Approval Order, all Settling Parties, Class Members and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

16.     **No Admission of Liability or Wrongdoing:** Under no circumstances shall this Order, the Settlement Agreement and its exhibits, or any of their terms and provisions, the negotiations and proceedings connected therewith, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants or Released Parties of any fault, wrongdoing, breach or liability.

17.     **Null and Void if Final Approval Order Does Not Become Effective:** If this Final Approval Order does not become Effective, this Order and Judgment shall be null and void

and shall be vacated *nunc pro tunc* and paragraph 11.3 of the Settlement Agreement shall govern the rights of the Settling Parties thereto.

**IT IS SO ORDERED.**

Dated: April 8, 2019

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE